**Hadji HYDARA, Petitioner,**

**v.**

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 09–72194.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 21, 2012.*

Filed March 5, 2012.

Nicholas W. Marchi, Carney & Marchi, PS, Seattle, WA, for Petitioner.

Jesse David Lorenz, Esquire, Oil, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

MEMORANDUM **

Hadji Hydara, a native and citizen of Sierra Leone, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir.2011), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based upon the omission from Hydara's asylum application of any attack on himself, and on his differing accounts regarding the attack on his family. *See id.* ("Material alterations in the applicant's account of persecution are sufficient to support an adverse credibility finding."). The agency reasonably rejected Hydara's explanations for the omission and inconsistencies. *See Rivera v. Mukasey*, 508 F.3d

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1271, 1275 (9th Cir.2007). Accordingly, in the absence of credible testimony, Hydara's asylum and withholding of removal claims fail. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Finally, because Hydara's CAT claim is based on the same testimony found to be not credible, and he does not point to any other evidence that shows it is more likely than not that he will be tortured if returned to Sierra Leone, his CAT claim also fails. *See id.* at 1156–57.

**PETITION FOR REVIEW DENIED.**